The Carolina Mortgage Company, Trustee, brought an action against the Commonwealth Bond and Mortgage Company and L. V. Huggins to recover for rents alleged to have been collected on property in Chapel Hill, North Carolina, which rents were alleged to be in the hands of L. V. Huggins, a collector for The Fidelity Security Company, when the action was instituted. Since demand for rents were made upon him from two conflicting sources, Huggins was permitted to pay the entire amount into the office of the Clerk of the Superior Court, to be held pending the final determination of the action. After issue had been *Page 699 
joined between the plaintiff and the defendant Commonwealth Bond and Mortgage Company by filing proper pleadings, W. W. Edwards, a judgment creditor of B. W. Harris, intervened and claimed the rent money. This action was heard at June Term, 1938, of Orange Superior Court, before a judge and a jury, and B. W. Harris, intervener and appellant in the present case, testified as a witness for W. W. Edwards, Trustee for The Fidelity Security Company, the first intervener, in substance, that he had authorized the collection of the rent by The Fidelity Security Company and its application to a debt due that company, under the circumstances set out in the record.
At the hearing, the presiding judge dismissed the claim of Edwards by judgment of nonsuit, and entered judgment directing a distribution of the funds. Edwards gave notice of appeal, but did not perfect the same, and it was subsequently dismissed by an order of Judge Spears at the August Term, 1938.
In June, 1938, the appellant, B. W. Harris, filed a motion before the clerk of the Superior Court of Orange County, claiming the rent money and asking to be allowed to intervene. The original plaintiff and defendant resisted the motion, and the same was dismissed, and upon appeal therefrom the order of the clerk of the Superior Court dismissing the motion was affirmed. The present appeal is from this motion.
An examination of the record discloses that appellant testified in the original cause that he had authorized the collection of the rent by the defendant corporation for application upon a debt due that corporation. The appellant claims that there were certain conditions involved in this agreement, non-compliance with which left appellant free to prosecute his present claim.
The discretion exercised by the presiding judge in refusing the motion of appellant to be allowed to intervene, after judgment had been rendered in the cause, is fully justified by the record, and the judgment is
Affirmed. *Page 700